Lipscomb, J.
The court below sustained the demurrer to the plaintiff's petition, upon the ground that the verbal contract sued on was contrary to tile provision of the act to prevent fraud and fraudulent conveyances. (Hart. Dig., art. 1451.) We cannot, however, so regard it. It is not a “ contract for the “sale of lauds.” It is a contract by which the parties.agree to acquire land jointly. Neither of them owned the laud contemplated to be acquired. One was to furnish the certificates by which the laud could be obtained ; the other was to furnish the labor and expense of looking for laud and locating the certificates and to pay all the expense of the surveys, land office fees, &e. There is no legal objection to the validity of such a contract, although it is not reduced to writing signed by the party; nor to the ijroof of such a contract being made by the parol evidence.
The question was fully discussed and decided by the court in the case of James v. Fulcrod. (5 Tex. R., 512.) The judgment of the court below is reversed and cause remanded.
Reversed and remanded.
Note 64. — Evans v. Hardeman, 15 T., 481; Miller v. Roberts, 18 T., 16; Smock v. Landy, 28 T., 130; Cox v. Bray, 28 T., 247. A parol partition of lands is not within the statute of frauds. [Stuart v. Baker, 17 T., 417; Houston v. Sneed, 15 T., 307.)