MOSES EVANS' ADM'R. v. JOHN M. HARDEMAN.

A contract to locate land certificates on the shares is not within the statute of frauds, and is not required to be in writing.

An agreement to the effect that if the person for whom the obligor has undertaken to make a location and procure a patent, will accept a certain selection of land for the location, the obligor will guarantee him a certain price per acre for it, is not within the statute of frauds.

Where a party contracts to do a thing, a reasonable time, under the circumstances, is allowed to do it in, and the statute of limitations does not commence to run until the expiration of such reasonable time, and it seems that the question of reasonable time is for the jury.

A guaranty by a locator, that if the obligee will accept of a certain selection, he shall get a certain price per acre for it, is a claim for unliquidated damages, to wit: for the amount per acre which the land is reasonably worth less then the price guaranteed; and such a claim is not required to be presented to an administrator before suit.

Appeal from Washington. Suit, March 25th, 1854, by the appellee against the appellant on the following state of facts : Evans being a land locator, undertook to locate Hardeman's headright for a league and labor and procure patent therefor, in consideration whereof Hardeman was to convey Evans one

half of the league.   Evans selected the location on the Yegua in Washington county.   Hardeman was present when the surveys were made.   Two surveys were made.   This was in 1848. After going over the land Evans asked Hardeman how he liked it.   Hardeman replied that it was very poor and that he would not have it.   Evans said that if Hardeman would consent to the selection, he would guarantee him one dollar an acre for it, as soon as he could have time to prepare the papers and send or go to New York or the North, to sell it, witness understood a reasonable time, or give him his choice of a like number of acres out of any lands he, Evans, owned.   Hardeman assented to this, but objected to there being two surveys, thereby rendering it impossible to locate the labor ; whereupon it was agreed that Evans should give Hardeman another labor in its stead.   Evans then said Hardeman might use timber off the land, as it would not injure its sale in New York.   A witness stated that the cause of Evans' being anxious for Hardeman to accept the selection, was, that a Mr. Peck, who was present, had agreed with Evans to give him his certificate for a league and labor for Evans' half, and that he did so, and as soon as they came out of the woods Hardeman, at the request of Evans, conveyed to Peck the one half of the league. The patent was obtained in same year.   There was evidence that Hardeman used timber off the land ; endeavored to sell it, asking a dollar or more per acre ; that he did sell 200 acres for one dollar per acre ; and paid the taxes.   There was some evidence also that Evans was making preparations to sell the land in New York in 1853, when he died.   The jury found for the plaintiff $1749.

*Rogers*, for appellant.

*Sayles*, for appellee.

WHEELER, J.   The principal questions to be determined in Vol. XV.                31

this case, are, 1st: Whether the contract set up and relied on by the plaintiff to support a recovery is affected by the Statute of Frauds ; and 2nd : Whether the right of action was barred by the statute of limitations.

In Watkins v. Gilkerson, (10 Tex. R. 340,) this Court decided that a contract, whereby one party agreed to locate land certificates of another, and to obtain patents thereupon, in his name, and the latter agreed, in consideration therefor, to convey to the party so locating and obtaining patents, a part of the land, is not within the statute of frauds ; and may be enforced by an action for a specific performance, to compel a conveyance of the land in accordance with the contract, though it be not evidenced by writing. Upon the authority of that case, it is clear, the contract between the parties in the present, originally was not within the operation of the statute ; and we are of opinion that the change or modification of its terms, subsequently made by agreement of the parties, did not have the effect so to change the nature of the contract as to bring it within the statute, or to require that it should be evidenced by writing. We cannot separate the agreement, on which the recovery in this case was obtained, from the original contract. It was a stipulation introduced after the making of the contract, and upon a new consideration, it is true ; but it was but ancillary and incidental to, and was upon a consideration springing out of and supported by the original contract. And as the former was not required to be in writing, neither was the latter. The consideration was, that Evans might obtain his half of the league to subserve a present purpose. This he did obtain, Hardeman making a conveyance of the half league by his direction, and thus performing fully his part of the agreement. Nothing remained but for Hardeman to execute the power, to enable Evans to perform on his part : and we think the evidence was sufficient to warrant the jury in concluding, that the power executed by Hardeman to Herd, Evans' partner, who was going North to sell lands for Evans,

was by the mutual understanding of the parties, to enable Evans to perform his undertakings with respect to Hardeman's half league of the land. This it was obligatory on him to do, though the contract was not in writing.

Upon the remaining question, whether the right of action upon the agreement to sell and account for the land as stipulated, was barred, we are of opinion that there is no error in the judgment. The sale was to be effected in New York, or in the North. It is evident that it was not within the contemplation of the parties that it should be effected immediately, or until it should suit the convenience of Evans to go North to make sale of his lands. The postponement of the time appears to have been for his convenience. And we think the Court was right in leaving it to the jury, upon the evidence, to decide, and that the jury were warranted in deciding, that the reasonable time contemplated by the parties for effecting the sale had not elapsed a sufficient time before the commencement of the suit to bar the plaintiff's right of action.

It is objected to the judgment that the claim was not presented to the administrator before bringing the suit. But to this, it is a sufficient answer that the petition was framed with a double aspect in respect to the relief sought. In the aspect in which it was maintainable, and was maintained, it was a demand for uncertain or unliquidated damages; being the amount which the land fell short in value of the sum of one dollar per acre; and being a sum which was uncertain, and could only be rendered certain by proof, it was not necessary that it should have been presented to the administarator for allowance.

Again, it is objected that the verdict is not sustained by the evidence, as to the amount of damages assessed by the jury. And we are of opinion that this objection is well taken, and that the verdict is excessive, in that, it is evident, both from the first instruction given at the instance of the plaintiff, and the very terms of the verdict itself, that the jury, in estimating

the damages, took into the account the unlocated labor. It is clear, that the jury estimated the half league of land at twenty-five cents per acre, as they were warranted by the evidence in doing ; and that they found for the plaintiff the difference between that sum and the price at which Evans agreed to account for it upon a sale ; that is, one dollar per acre. But they also took into the estimate the labor, as their verdict expresses. But there is nothing in the averments of the petition or the proof, which can take the case out of the operation of the statute of limitations, as to any right of action which may have occurred to the plaintiff, by reason of the failure to include the labor in the locations. As to that the right of action was clearly barred. It was error, therefore, to instruct the jury, in effect, that they might take the labor into the account ; and it was error in the jury to include it in their estimate of damages. It appeared moreover, that the plaintiff had sold a part of the land. And it is urged that this is evidence of an abandonment of his contract with Evans. We, however, do not so regard it. There can be very little doubt that it was done with the consent of Evans ; and if it was not proved to have been with his express consent, the jury might infer it. He had no interest in objecting, but on the contrary, he was relieved in so far from his undertaking. If the land, or any part of it could be sold at home, that relieved him from his obligation, in so far, to sell and account for it. No doubt, the parties so understood it ; and this accounts for Hardeman's endeavors to sell. It was for their mutual advantage. Nor is there anything in the fact that Hardeman paid the taxes. This he, of course, would do while the title remained in him. But his sale of a part of the land discharged Evans in so far from his liability ; and the jury were not at liberty to take into account, as it seems they did, the land so sold by Hardeman. In both these respects, therefore, the verdict is excessive. And for these errors, the judgment might be reversed and the cause remanded for a new trial. But as it is capable of being as-

certained, with certainty, in how much the verdict is excessive, and the error in the charge and in the verdict may be obviated by a remittitur; and as another trial must result in a recovery by the plaintiff for the amount to which he is shown to be clearly entitled; and it is desirable to save the estate, as well as the plaintiff, the expense of further unnecessary litigation, an opportunity will be afforded the plaintiff to remit such amount as will fully remove the objection; upon which the judgment for the residue will be affirmed; otherwise it must be reversed, and the cause remanded for a new trial.

Remittitur filed, and judgment affirmed.