AGNES JAMES ET AL. v. M. B. DRAKE ET ALS.

1. A contract for the acquisition of title to vacant land does not fall within the statute of frauds.

2. A quit-claim purchaser of land in possession of a third party buys with notice of the possessor's title, and takes the land subject to all the equities existing between his vendor and the party in possession at the time of such purchase.

APPEAL from Fannin. Tried below before the Hon. W. H. Andrews.

The facts are stated in the opinion.

*Throckmorton & Brown,* for appellants.

*S. B. Maxey* and *S. A. Roberts*, for appellees, cited the following authorities: Watts v. Johnson *et als.*, 4 Texas, 311; Harrell v. Hill, 15 Texas, 270; Bender v. Crawford, 33 Texas, 745; Smith v. Power, 23 Texas, 34; Kimbro v. Hamilton, 28 Texas, 568; Plummer v. Power, 22 Texas, 15; Charle v. Saffold, 13 Texas, 109; Neill v. Kuse, 13 Texas, 188; Garner v. Stubblefield, 5 Texas, 561; Dugan v. Colville, 8 Texas, 126; Neatherly v. Ripley, 21 Texas, 434; Purcell v. Miner, 4 Wallace, 517; Watkins v. Gilkerson, 10 Texas, 340; Evans v. Hardeman, 15 Texas, 482; Miller v. Roberts, 18 Texas, 19; Willis v. Lewis, 28 Texas, 191; Gammage v. Trawick, 19 Texas, 58; Bird v. Pace, 26 Texas, 490; Campbell v. The State, 29 Texas, 491; Scranton v. Tilley, 10 Texas, 183; Dean v. Border, 15 Texas, 298.

McADOO, J.—Jones and wife, about 1854, sold to John James, the husband of one of the appellants, a small tract of land, a part of a tract on which the Jonathan Vails certificate was located.

On receiving the deed from Jones, James settled on the land, put improvements on it, lived on it until his death, and his widow lives on it still. Jones failed to have the field notes of the survey sent up, and the location became void.

After the location became forfeited, one T. M. McCown, under whom the appellee, Drake, claims, determined to locate a certificate on this tract of 640 acres, now become vacant. The proof pretty clearly shows that he agreed, before doing so, with the occupants (for there were several others besides James who had purchased from Jones), that he would furnish a certificate, and procure a patent, for which the occupants were to pay to him their proportionate costs of the certificate, location and patent. He did file another certificate on the entire tract, and procure a patent.

The proof shows that he did comply with this contract with all the settlers on the land except James; and also that he declared his willingness to execute to James a quit-claim deed.

James died, however, without such deed; and it seems that McCown really never claimed the land on which James lived.

Mrs. James continued to live on the land, and Drake purchased by a deed, without warranty, from McCown, the whole tract. Drake lived in the same town, was intimate with Mrs. James' family, and was doubtless cognizant of all the facts. He knew of her continued possession.

After the purchase from McCown, the appellee brought this suit of trespass to try title. A jury was waived, and the cause submitted to the court on the law and the facts. The appellant tendered in court her supposed proportional amount of the costs of the location and patent, and the judgment of the court was for the plaintiff.

A motion for a new trial was made, on account of alleged surprise at the testimony of the defendant's own witnesses, and of newly discovered evidence.

We believe the new trial should have been granted. We cannot say that we believe that either the law or the equity of this case has been reached.

If it can be made to appear conclusively, that there was a contract between James and McCown, such as alleged in the pleadings, we should hold that it would be binding on the original parties to it; and if binding on McCown, it would be on Drake, his quit-claim purchaser, with notice of possession, if not of the contract. Such a contract does not fall within the statute of frauds. It does not relate to a purchase or conveyance of lands, but to the acquisition of title to vacant lands.

This distinction was clearly drawn in Miller v. Roberts,

18 Texas, 19, and in James v. Fulcrod, 5 Texas, 512, and in Watkins v. Gilkerson, 10 Texas, 340. In all of these cases, the contracts were not in writing, and all were held as valid, and outside of the statute of frauds.

Inasmuch as a new trial is sought for the procurement of further testimony, the cause will not be finally disposed of by this court, but will be reversed and remanded.

REVERSED AND REMANDED.