Opinion delivered May 31, 1887.

No. 5900.

JANE C. SHIFFLET AND T. L. ODOM *v.* C. MORELLE ET AL.

1. VERDICT.—A verdict is general which finds in general terms for one party or the other, and is not rendered special by the fact that it designates the grounds on which it is based.

2. OPINION OF WITNESS—LAPSE OF TIME.—The sufficiency of a lost deed to pass title can not be established by the mere opinion of witness who once saw it. He must recollect what its provisions were and state facts regarding its contents. Among the exceptions to the rule which ordinarily excludes the opinion of a witness, when offered as evidence can not be included the long time that has elapsed since the occurrence of the matters about which the witness is called to testify.

2. STATUTES CONSTRUED—REGISTRATION—CASES FOLLOWED.—The act of December 20, 1836, section 35, requiring the registration of certain instruments, did not authorize the registration of a conveyance, or of a contract for the conveyance of the right to receive land from the government of the republic of Texas, before the certificate was issued and before the land was located. On this point Simpson v. Chapman, 45 Texas, 560, followed.

3. SAME—EVIDENCE.—The contents of a lost instrument of writing which was once recorded by a county clerk without authority of law, and who

took the maker's acknowledgment thereto can not be established by proof that the clerk and subscribing witnesses are dead, and by proof that the record was in the handwriting of the clerk. If the clerk were alive he might swear to the record as an examined copy.

4. EVIDENCE.—The mere possession of a muniment of title is not evidence of title in the possessor.

APPEAL from Runnels. Tried below before the Hon. M. A. Spoouts.

*J. G. Abney, Willingham & Harris,* and *Hartsook & Patten,* for the appellant, on their proposition that an instrument of writing pertaining to the right of a land certificate or evidencing a sale of same is such an instrument of writing, when properly acknowledged or probated for record as was permitted by law to be recorded in the county clerk's office of the proper county, in the year 1837, cited Paschal's Digest, articles 4973, 4977, 4985; Henderson v. Pilgrim, 22 Texas, 464; Flemming v. Reed, 37 Texas, 153.

That the second copy was admissible as an ancient instrument, they cited Franklin v. Tiernan, 56 Texas, 626; Holmes v. Coryell, 58 Texas, 680; Stroud v. Springfield, 28 Texas, 650; Winn v. Patterson, 9 Peters, 663; Jackson v. Rice, 3 Wendell, 180; Booge v. Parsons, 2 Vermont, 456, 459, 461; Roach v. Martin, 1 Harrington, 548; Uhl v. Musquez, Texas Unreported Cases, volume 1, page 659; Newby v. Haltaman, 43 Texas, 314; Phillips on Evidence, volume 2, page 241, sixth American edition; Wharton on Evidence, articles 113, 114; Bacon's Abridgment, volume 3, page 544.

*Mays & Timmins,* and *Charles A. Dailey,* for appellant Odom, on their proposition, in effect, that the facts in evidence were sufficient to establish the existence and execution of the lost conveyance, and a certified copy of such record, if the loss of the original and death of the grantee had been established, was then admissible to show the character and contents of the original, cited Holmes v. Coryell, 58 Texas, 680; Stroud v. Springfield, 28 Texas, 649; Beaumont Pasture Company v. Preston & Smith, Texas Law Review, volume 6, number 8, page 113, Wynne v. Patterson, 9 Peters, 663, 664; 1 Greenleaf's Evidence, 82; Best's Principles of Evidence, 483.

That the plea of stale demand in an action of trespass to try title will not avail a party seeking a recovery of the land, as

against a party in actual possession thereof, claiming under an equitable title, they cited Yeary v. Cummins, 28 Texas, 95; Hemming v. Zimmerschitte, 4 Texas, 167; Holman v. Criswell, 15 Texas, 394–398; Early v. Sterrett, 18 Texas, 117; Gibbons v. Bell, 45 Texas, 423; Reed v. West, 47 Texas, 248; Satterwhite v. Rosser, 61 Texas, 173.

That when a party who is entitled to a land certificate from the government sells and transfers his right thereto to another, he thereby divests himself of all title to the land that may be located and patented thereunder, and the title to such land, when patented, vests in such vendee of the certificate or his assigns, they cited Satterwhite v. Rosser, 61 Texas, 173; Hearne v. Gillett, 62 Texas, 27; Keyes v. Houston & Great Northern Railroad Company, 50 Texas, 174.

On their proposition that the possession of the land certificate before its location for a period of more than ten years, accompanied with claim of title and acts of ownership by the possessor, and an acquiescence therein by the adverse party, the grantee would authorize the jury, after a lapse of more than thirty years thereafter and no acts of repudiation by the grantee of the certificate or his heirs being shown, to presume that the grantee of the certificate had sold the same before its location to the person possessing and thus claiming it, was warranted by the facts shown on the trial, they cited Manchaca v. Field, 62 Texas, 140; Taylor v. Watkins, 26 Texas, 699; Veramendi v. Hutchins, 48 Texas, 552.

*Robertson & Williams*, for appellees, on their proposition that certified copies of instruments relating to the title to land situated in Runnels county, from the land records of Washington county, were not admissible in evidence under the statute, they cited Revised Statutes, article 3828; Acts of 1876, chapter 66, page 73; Acts of 1876, chapter 88, page 133; Acts of 1881, chapter 64, page 78; Revised Statutes, article 4333; Paschal's Digest, articles 4973, 4974, 4980, 4983, 4989, 4993; Broxson v. McDougal, 63 Texas, 193.

That there is no law authorizing the record of a transfer of a land certificate until located, they cited Paschal's Digest, articles 4293, 4980, 4984, 4989; Chapman v. Simpson, 45 Texas, 566; Burnham v. Chandler, 15 Texas, 441; Wright v. Lancaster, 48 Texas, 257.

That there was no law in 1837 authorizing the registration of

titles to personal property, they cited Paschal's Digest, 4973, 4994; Hartley's Digest, 2752, 2802.

That a copy of the record of an instrument relating to lands from a county other than the county in which the land lies is inadmissible, they cited Broxson v. McDougal, 63 Texas, 195; The State v. Cardinas, 47 Texas, 250; Hutchins v. Bacon, 46 Texas, 414; Peck v. Clark, 18 Texas, 239; Hawley v. Bullock, 29 Texas, 216; Johnson v. Brown, 25 Texas Supplement, 126; Secrest v. Jones, 21 Texas, 121; Short v. Wade, 25 Texas, 510; Sullivan v. Dimmitt, 34 Texas, 121; Henderson v. Pilgrim, 22 Texas, 476; Adams v. Hayden, 60 Texas, 225; Evitts v. Roth, 61 Texas, 86; Pegram v. Owens, 64 Texas, 477; Budd v. Brooke, 3 Gill, Maryland, 198; Rushin v. Shields, 11 Georgia, 636; Garrison v. Haydon, 1 J. J. Marshall, 222; Astor v. Wells, 4 Wheat, 466; Stewart v. McSweeney, 14 Wisconsin, 468.

On their proposition that "executory contracts, executed in 1836 and 1837, for the sale of a land certificate not in existence (even if proven to be genuine) when no consideration is expressed or proved, and when the land located by the certificate to which they relate was located in 1853 and patented in 1855, in the name of the original grantee, the cause of action as to the title would then become complete; and if no steps be taken to enforce the conditions of such obligations until 1885, thirty years after the cause of action accrued, such instruments are not admissible in evidence when the party, against whom they are being used, pleaded against them the bar of limitation and stale demand, and the party asserting and offering them as evidence of his title does not by his pleading and proof excuse his laches and delay," they cited DeCordova v. Smith, 9 Texas, 129; Carlisle v. Hart, 27 Texas, 350; Smith v. Hampton, 13 Texas, 359; Tinnen v. Mebane, 10 Texas, 245; Nichols v. Pilgrim, 20 Texas, 426; Emmons v. Oldham, 12 Texas, 27; McMaster v. Mills, 30 Texas, 595; Holman v. Criswell, 19 Texas, 398; League v. Rogan, 59 Texas, 427; Connolly v. Hammond, 51 Texas, 647; Bell v. Warren, 39 Texas, 111; Reed v. West, 47 Texas, 241; McKin v. Williams, 48 Texas, 92; Glasscock v. Nelson, 26 Texas, 150; Yeary v. Cummins, 28 Texas, 91; Flemming v. Reed, 37 Texas, 152; Hunter v. Hubbard, 26 Texas, 538; Little v. Weatherford, 63 Texas, 640; Haskins v. Wallett, 63 Texas, 213; Lewis v. Cole, 60 Texas, 341; Taylor v. Campbell, 59 Texas, 317; Connolly v. Hammond, 58 Texas, 11; McFaddin v. Williams, 58 Texas, 625; Johnson v. Newman, 43 Texas, 642; Piatt v. Vattier, 9 Peters, 414;

Boone v. Chiles, 10 Peters, 223; Hill on Trustees, page 264, note 2; Angel on Limitation, 27, 471; 2 Story on Equity Jurisprudence, 771, 1520.

GAINES, ASSOCIATE JUSTICE. As the pleadings stood in the court below at the time of the trial this was an action of trespass to try title brought by Jane C. Shifflet and others as plaintiffs against T. L. Odom and C. Morelle and others as defendants. The plaintiffs claimed the land in controversy under John McCreary as the alleged assignee of the John Early headright by virtue of which the land was patented. Defendant Odom claimed a title to an undivided interest in the land emanating from the same source. Defendants C. Morelle and others set up title to the entire tract as tenants in common—some of them as heirs of the original grantee of the certificate, and the others as grantees from other of his heirs. There was a verdict and judgment in favor of these latter defendants against plaintiffs and also against defendant Odom for the land in controversy, from which the parties cast in the suit have appealed to this court.

The following is the verdict of the jury:

"We, the jury, finding no transfers, written nor verbal, of the John Early league and labor certificate No. 331, located in Runnels county, Texas, find for C. Morelle, Robertson and others, defendants, heirs of John Early; and that the locative interest of one-third of the John Early league and labor certificate, claimed by T. L. Odom and others, is barred by lapse of time."

Assuming that this is a special verdict, appellant Odom, in his fourteenth assignment of error, complains that the court erred in not granting a new trial upon the ground that the jury found special issues without any instructions from the court to that effect. But we think that the assignment is based upon a misconception of the nature of the verdict. A verdict is general which finds in general terms in favor of one party or the other, although special facts may be stated as the grounds of the jury's conclusion. (Lawson v. Hilgenberg, 77 Ind., 221.) Our statute defines a special verdict as "one wherein the jury find the facts only on issues made up and submitted to them under the direction of the court." (Rev. Stats., art. 1330.) In Caldwell v. Brown, 43 Texas, 216, a general verdict awarding damages in favor of the plaintiffs, and showing specifically for what the damages were allowed was recognized as valid; and the court looked to the special finding and determined therefrom that the defendant

was not prejudiced by an erroneous charge authorizing the jury to find damages not claimed in the petition, because it appeared from the verdict that only such damages as were claimed had been given. The court, therefore, did not err in refusing to set aside the verdict upon the ground set forth in the motion for a new trial and urged in the assignment of error under consideration. The verdict must be treated as a good finding not only in favor of appellees generally, but also of the facts stated as the grounds upon which that finding is based.

It is apparent from the issues made in the case, that if there was no transfer by John Early of his headright, neither plaintiffs nor defendant Odom had any title to the land in controversy. It was vested in the heirs of the original grantee, who had not conveyed their interests and the assignees of such of them as had so conveyed. If, therefore, there was no error in the proceedings of the court below, in so far as they affected the question of such transfer, the finding of the jury upon that question is conclusive of the title in favor of appellees, and the judgment must be sustained.

The first and second assignments of error by appellants Shifflet and others and the first by appellant Odom, complain of the ruling of the court in excluding certain answers of the witness, Besser, given in a deposition read upon the trial. The witness was the administrator of John McCreary's estate. It is sufficient for the determination of the question to set out the answers together. Having previously testified that certain papers which came to his possession as such administrator had been accidentally burned, he was asked to describe them and state their contents. He answered: "Can only state the substance from recollection. In investigating the papers left by John McCreary, some of them I deemed insufficient. Those I abandoned. Those which I considered had the evidence of title in him I placed as good, among which so placed were the papers pertaining to the John Early league and labor of land." This was excluded. Testifying concerning the papers before mentioned in answer to other interrogatories, the witness said: "They were papers to which the names of Steel, also Hood, were affixed; also, I think, one signed by John Early. Of the last I will not be positive." The witness then continued: "They were all of that character of papers in that day by which title to land was passed and, from a perusal of the same, I considered that they vested a

good title to said league and labor in John McCreary." The latter part of this answer was also excluded.

There was no error in the exclusion of either answer. It is true the predicate had been laid for the introduction of secondary evidence to prove the execution of the lost instruments and their contents. Appellants had the right to establish them by any witness who knew the facts to which he was called upon to testify; but this did not open the door for proof of the instruments by the mere opinion of a witness who had given them a cursory examination and concluded therefrom that they showed title in McCreary. With certain well defined exceptions, the rule is, that witnesses must state facts and not opinions. Appellants contend that the long lapse of time makes this an exception to the general rule; but they have cited no authority to sustain such a proposition, and we are satisfied that none exists. If the witness had recollected the contents of the papers, he certainly could not have stated his conclusion as to their legal effect. This was the function of the court. For a much stronger reason he should not have been permitted to state his conclusion, when, if he had ever known the contents, he failed to recollect them. The evidence was clearly inadmissible. (Rosenthal v. Middlebrook, 63 Texas, 355; Purnell v. Gandy, 46 Texas, 199; Railroad Company v. McGehee, 49 Texas, 489; Clardy v. Callicoate, 24 Texas, 172.)

Appellants offered in evidence certified copies from the records of Washington county of a bond for title from John Early to W. H. Steele for the obligor's right to a leage and labor of land, a power of attorney from Early to Steele and others, authorizing them to locate the land and to convey it, and a bond for title from Steele and another to the same right to John McCreary. The records were all made in 1837. The copies were severally excluded and exceptions taken by appellants. Appellants' third, fourth and fifth assignments of error are based upon the action of the court in excluding these instruments respectively.

The right to introduce in evidence certified copies of recorded instruments is purely statutory; and the statute applies only to such conveyances as are "permitted or required by law to be recorded." (Rev. Stats., art. 2257.) At the time the instruments in question were copied upon the records the certificate for the John Early headright had not issued. It was many years before. it was located; and when located it was placed upon the land in controversy, which is situated in Runnels county.

The question therefore presents itself: Did the law authorize the registration of a conveyance or of a contract for the conveyance of the right to receive land from the government, before the certificate was issued and before the land was located? The law in force at the time the record under consideration was made, was the act of the twentieth of December, 1836. Section 35 makes it the duty of the clerks of the county courts to record "all deeds, conveyances, mortgages and other liens and all other instruments required by law to be recorded which are presented to them," provided they are acknowledged or proved in a certain manner, and then provides that "all deeds, conveyances, mortgages and other liens shall be recorded in the county where the property is situated." (Pas. Dig., art. 4973.) By reference to the thirty-seventh section of the same act we see what instruments are required by law to be recorded. It provides that "any person who owns or claims land of any description by deed, lien or other color of title," shall, within a certain time therein specified, have the same proved and recorded. (Pas. Dig., art. 4980.) Section 40 reads as follows: "No deed, conveyance, lien or other instrument of writing shall take effect as regards the interests and rights of third parties, until the same shall have been duly proven and presented to the court as required by this act for recording land titles." Taking these provisions together, we think the act only authorized the recording of instruments affecting title to land, and that the words "all other instruments in writing required by law to be recorded," were intended to embrace bonds for title and other executory contracts for the conveyance of land.

A right to land before the location of the certificate is a mere personal right, and is decided not to be real estate (Watkins v. Gilkerson, 10 Texas, 340; Evans v. Hardeman, 15 Texas, 480); and hence, we think, the act in force in 1837 did not authorize the registration of conveyances or the contracts of conveyances of such right until a location was made and then only in the county where the appropriation was made. The object of the act in question in providing for the record of conveyances was to give notice to third parties (Crosby v. Huston, 1 Texas, 203); and it is not seen how this could be effected as to a mere floating right, which might be located upon any part of the unappropriated public domain, unless the law had designated some particular county, in which the registration should be made.

The act has not done this, and the inference, therefore is

strong that its provisions were not intended to apply to such transfers. When the location is made antecedent to transfers of the certificate, or of the right, being evidence of title to the specific land located, may be lawfully registered in the county where the property is situated.

The decision in Simpson v. Chapman, 45 Texas, 560, is in accordance with these views, and in the opinion in that case Judge Moore, speaking of a certificate, says: "Until its location, it has no locality for record, and being personalty merely, a. transfer of it is not required." The proposition was involved in the construction of a statute then under consideration and is not a mere dictum. In accord with the same principles, it was held in Johnson v. Brown, 25 Texas Supplement, 120, that the much more comprehensive act of May 12, 1846, did not embrace the assignment of a judgment. We are of the opinion, therefore, that the court did not err in excluding the evidence offered merely as certified copies.

But it is insisted that the copy of the bond from Early to Steele should have been admitted, because it was proved that both parties, the subscribing witnesses and the clerk who took the acknowledgment, were dead, and that the record was by the same clerk, and was in his hand writing. If the clerk had been living, and had made the record, he could have testified to it, as an examined copy, and this would have been competent evidence of the contents of the bond. The mere fact that an officer who took an acknowledgment made an unauthorized record of the instrument upon the book for the registration of deeds, etc., gives it no validity. It stands like any other unauthorized copy of an instrument in writing, made by the officer who took the acknowledgment. The proof that the record was in the clerk's hand writing amounted to nothing, because the law would have implied that the paper was transcribed by him, or under his direction, without such proof.

The tenth assignment of error by appellants Shifflet and others, and the eighth by appellant Odom, are the same, and complain of the action of the court in refusing to give an instruction to the effect that, if Early sold the certificate by parol to John McCrary or any one else before location, the jury should return a verdict for plaintiffs and defendant Odom. This instruction, so far as it related to a transfer by Early to McCrary, was substantially given in the general charge and in more than one special instruction, and to that extent needed not to be repeated.

It would have been erroneous to tell the jury that if Early transferred to any one except McCreary, plaintiffs had a right to recover, without instructing them at the same time that such third person must also have assigned to McCreary. They were not entitled to a verdict by showing that the title was not in defendants. It is true that no charge very distinctly tells the jury that, if Early sold the certificate by parol to some other person, and such person sold to McCreary, before the location, they should find for plaintiffs. But no proper charge to that effect was asked. Besides, the omission was unimportant, because the jury found that Early made no transfer of his head right, either written or verbal.

The proposition of law contained in the charge, the refusal of which is complained of by Odom in his ninth assignment of error, can hardly be deemed correct. But however that may be, we think, as applicable to the evidence, it was misleading, and was properly refused.

The twelfth assignment of appellants Shifflet and others, and the tenth of Odom, are based upon a refusal to give the following instruction asked by them : "The jury is authorized to presume a sale of the certificate before its location upon the land in controversy, from John Early to John McCreary, if they believe from the evidence that such a sale was in fact made."

This charge as a legal proposition is undoubtedly correct; but we can not see that it differs in effect from a special instruction given at the request of the same parties. In the latter the jury were told that "a legal sale and transfer of the certificate could have been made verbally without any written contract or conveyance of the same, and if you believe from the evidence that such verbal sale of the certificate was made by John Early to John McCreary, then you will find for the plaintiffs." It would have added nothing to this to have instructed the jury that they were authorized to presume a sale, if they believed from the evidence a sale had in fact been made.

Appellants Shifflet and others also claimed by their thirteenth assignment that the court erred in refusing to give the following instruction requested by them: "One having possession of a land certificate before location, claiming to own the same, and dealing with it and treating it as his own, is prima facie the owner thereof." As a legal proposition this is not sound. The possession of personal property is ordinarily prima facie evidence of title. The right to appropriate a certain quantity of

land from the public domain is personal property, but the certificate is the mere evidence of that right. The mere possession of a muniment of title is not evidence of title .in the possessor. (Smith v. Sublett, 28 Texas, 163.)

The other errors assigned relate to the giving and refusal of charges in reference to the plea of stale demand set up in the court below by appellees. The jury having found that the certificate was never transferred by Early, appellees, were entitled to a judgment for the land, whether appellant's demand was stale or not. We think that it is a case. to which the defense was applicable, but we need not discuss whether or not appellants have shown sufficient facts to excuse their long delay in asserting title. (See Wilson v. Simpson, decided at present term.) We find no error in the judgment and it is affirmed.

*Affirmed.*