WALTER PARKER v. JAMES C. WALKER ET AL.

Delivered February 13, 1897.

**1. Land Certificate—Merger in Land—Transfer.**

The location of a land certificate in conflict with an older title is not an absolute nullity, and a sale of the junior title carries also the title to the certificate, as merged in the land.

**2. Cancellation of Patent—Re-issue of Certificate.**

The Commissioner of the General Land Office is authorized to cancel a patent issued on a location in conflict with an older survey, and to issue to the purchaser of the junior location, as its owner, a certificate for relocation.

**3. Registration of Deed as Constructive Notice of Transfer of Land Certificate.**

The registration in the county in which the certificate was subsequently located of a sheriff's deed to the land upon which the original certificate was formerly located, reciting, in effect, the transfer of the certificate is constructive notice of the grantee's right and title under such transfer.

APPEAL from Donley. Tried below before Hon. H. H. WALLACE.

*J. H. Cobb*, for appellant.—An execution sale of land claimed by the defendant in the writ by virtue of a void location of a certificate thereon, will not pass to the purchaser at such sale the defendant's title to the certificate, nor give such purchaser any right to have such certificate floated. East v. Dugan, 79 Texas, 329; Hume v. Ware, 28 S. W. Rep., 935.

*Ben B. Cain*, for appellees.—When the original certificate was located in Navarro County and the land patented, it was no longer personal property, but was merged in the land, and became a chattel real, the title to which followed the land upon which it was located. East v. Dugan, 79 Texas, 329; Hendricks v. Wilson, 53 Texas, 463; Hearne v. Gillett, 62 Texas, 23.

TARLTON, CHIEF JUSTICE.—The appellant brought this action of trespass to try title to recover from appellees the north half of the William Cole headright league and labor survey in Hutchinson County. He appeals from a judgment denying him a recovery.

The William Cole headright certificate for one league and labor of land was first located in that portion of Robertson County which afterwards became a part of Navarro County. It was found to be in conflict with prior locations, and was subsequently floated and located in Hutchinson County.

The plaintiff's claim rests upon a regular chain of conveyances, recorded in the proper county, beginning with a deed dated January 24, 1888, executed by Sarah Cole, surviving wife and sole heir of William Cole.

Patent issued in the name of William Cole on the location in Navarro

County, and while in this condition the land was levied on by an execution issued out of the District Court of Washington County on March 28, 1846, in favor of James Ralston against William Cole, in a suit pending in that court. At the sale had by the sheriff of Navarro County under this execution, B. Gillespie became the purchaser. The levy, sale, and the sheriff's deed, dated May 1, 1849, were all in regular form. The land is described by metes and bounds in this deed, concluding with the description: "Containing one league and one labor of land, it being the headright league and labor of William Cole."

Finding that the land located in Robertson County was in conflict with prior locations, John Sayles, the duly appointed administrator of the estate of B. Gillespie, caused the cancellation of the original patent, in accordance with the provisions of the law, having filed his affidavit for cancellation showing that the heirs of Barry Gillespie were the legal owners of the patent. The patent was canceled on October 17, 1870, on account of conflict with titled land in the names of Rafael Penn and Alexander de la Garza.

On September 26, 1870, the heirs of B. Gillespie, in due form, and in consideration of $1208.85, transferred the William Cole headright certificate to James C. Walker and M. H. Bonner, under whose title the appellees claim. Subsequently Walker and Bonner located the certificate in Hutchinson County. Patent was issued in the name of William Cole on May 1, 1876.

The conveyance from the sheriff to B. Gillespie was properly recorded in Jack County, July 6, 1877, at which date Hutchinson County was attached to Jack County for judicial and other purposes. The transfer of the certificate by the heirs of Gillespie to Walker and Bonner was also properly recorded in Jack County on August 29, 1877.

The plaintiff Parker paid the sum of $2300 cash for the land at the time of his purchase, without the actual knowledge of the claim of the appellees. The land at the time was in an enclosure containing not less than 100,000 acres. It was under lease (not recorded, however) by the appellees to the Hansford Land & Cattle Company, and the appellees were paying taxes upon it.

*Opinion*—Our conclusion is adverse to the two-fold contention of the plaintiff, viz., (1) that Gillespie obtained no title by virtue of the sheriff's sale and deed above described, and (2) that the plaintiff should be regarded as a purchaser for value without notice.

The patent issued on the junior location was not void, though in conflict with an older title. It was voidable only. It was sufficient as a basis for an action of trespass to try title by Gillespie as against a stranger or as against one who was not connected with the equitable title growing out of the prior location. Gullett v. O'Connor, 54 Texas, 408.

Hence, as between Gillespie, who purchased at the sheriff's sale, and Cole, the original grantee, the certificate when located in Navarro County lost its character as personal property. It was merged in the

realty, and the title to it followed the land upon which it was located. Hendricks v. Wilson, 53 Texas, 463; Hearne v. Gillett, 62 Texas, 23; East v. Dugan, 79 Texas, 329.

It follows, we think, that when, in accordance with the provisions of the law (article 4301, Paschal's Digest), the administrator of Gillespie, whose estate owned the voidable patent, returned it for cancellation, the Commissioner was authorized to deliver the certificate to the representatives or the heirs of Gillespie, as its owners, and that they, or those claiming their title, had the right to relocate it.

The certificate having been merged in the land, and its location not having been an absolute nullity, the levy of the execution reached it, and the sale under the execution carried the title to the purchaser Gillespie.

The registration in the proper county of the sheriff's deed, reciting in effect the transfer of the certificate, was effective as constructive notice of the appellees' title.

The judgment is in all things affirmed.                *Affirmed.*

### ON MOTION FOR REHEARING.

This motion is overruled. We deem it proper, however, to state, in connection with the sixth ground of the motion, complaining of our conclusion of fact that the land in controversy was enclosed at the time of the purchase by appellant, that this conclusion, under the disposition made by us of the question of notice, is regarded as immaterial. As will appear from our opinion, the conclusion adverse to the appellant claiming as a purchaser without notice, rests upon the effect of constructive notice arising from the registration on July 6, 1877, in the proper county, of the conveyance to Gillespie. As the court below found no conclusion of fact in regard to the enclosure of the land, and as the evidence is quite meagre as to when it was enclosed, we will be now understood as stating no conclusion of fact as to the date of enclosure.

                                        *Rehearing denied.*

Writ of error refused.

March 20, 1897.