McCULLOUGH v. RANDALL et al.

(Court of Civil Appeals of Texas. Texarkana. May 29, 1913. Rehearing Denied June 12, 1913.)

1. TRESPASS TO TRY TITLE (§ 38*)—BURDEN OF PROOF.

Where, in trespass to try title, plaintiff specially pleaded that the grantee of a headright certificate sold the certificate or the land, and that the grantee before his death transferred the certificate to M., the burden was on plaintiff to prove such facts.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 53; Dec. Dig. § 38.*]

2. PROPERTY (§ 4*)—LAND CERTIFICATE—LOCATION—CHATTEL REAL.

After its location, a land certificate becomes a chattel real, and title thereto cannot pass by parol.

[Ed. Note.—For other cases, see Property, Cent. Dig. §§ 4–6; Dec. Dig. § 4.*]

Appeal from District Court, Fannin County; Ben H. Denton, Judge.

Trespass to try title by J. W. McCullough against S. S. Randall and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Glass, Estes, King & Burford, of Texarkana, for appellant. Thos. P. Steger and Mart McMahon, both of Bonham, Jacob C. Baldwin, of Houston, and J. G. McGrady, of Ft. Worth, for appellees.

LEVY, J. The appellant brought the suit against appellees in trespass to try title to the east one-third of the J. H. Knapp headright survey in Fannin county. The plaintiff specially pleaded his title. The several appellees, who were defendants, answered by denial, not guilty, statutes of limitation of three, five, and ten years, purchasers for value, and improvements in good faith. Judgment was entered on the special verdict in favor of appellees. The case has been on appeal twice before, and fuller statements may be obtained by reference thereto. See 120 S. W. 1093, and 146 S. W. 203. The testimony establishes that on March 1, 1838, there was issued by the board of land com-

missioners of Harrisburg county (now Harris county) to J. H. Knapp, a single man, a headright land certificate for one-third of a league of land. This certificate was located in Fannin county, and survey of the land was made October 17, 1845, and field notes returned to the land office May 2, 1853. The survey was patented to J. H. Knapp on July 7, 1855. It is the contention of appellant that prior to its location J. H. Knapp conveyed the certificate to W. H. McCullough, who, before his death in 1840, conveyed the certificate to John McCullough. John McCullough died in 1870, leaving a widow and children, under whom appellant now claims. J. H. Knapp died in 1855 or 1856, leaving William Knapp, his son, under whom appellees claim. There is no direct evidence of a conveyance or transfer by J. H. Knapp of his title to the original certificate, and there was no transfer of the certificate from J. H. Knapp to any one recorded in the clerk's office of Fannin county. Appellant relied on circumstances to prove the fact. Appellees offered circumstances showing there was no transfer of the certificate. The jury made the express finding that there was no transfer of the certificate by J. H. Knapp. It is also the contention of appellant that though J. H. Knapp had previously conveyed the certificate to W. H. McCullough, he again conveyed it to W. M. Cook, and that it was Cook who located the certificate in 1845, and that in 1859 Cook and John McCullough, both claiming the entire tract of land under transfer of the certificate by Knapp, made mutual deeds to each other, McCullough conveying to Cook a two-thirds undivided interest, and Cook conveying to McCullough a one-third undivided interest thereof. Appellant relied on circumstantial evidence to prove a transfer of the certificate by J. H. Knapp to W. M. Cook. Appellees offered circumstances showing to the contrary. The jury made a finding in favor of appellees' contention. Appellant's connection with the Knapp title depended entirely upon a transfer of the certificate from Knapp to W. H. McCullough prior to the death of McCullough in 1840, or to W. M. Cook, and otherwise appellees were entitled to recover in superior right by legal title.

As the case was submitted to the jury on special isues, the instructions, questions, and answers follow:

"The proof shows that the board of land commissioners of Harrisburg county, Tex., on March 1, 1838, issued to J. H. Knapp a land certificate for one-third of a league of land, a certified copy of which has been read in evidence. Now you are asked: .

"Q. 1. Was William Knapp the son of the J. H. Knapp to whom said land certificate was granted?" Answer of jury: "He was."

"Q. 2. Did said William Knapp execute a deed purporting to convey to Robert H. Hanna the east one-third of the J. H. Knapp sur-

vey of land in Fannin county?" Jury answer: "He did."

"Q. 3. If you should answer that William Knapp did execute such deed to Hanna, then you are asked: What, if anything, did Hanna pay Knapp therefor?" Jury answer: "$600.00."

"Q. 4. Did J. H. Knapp transfer to W. M. Cook the land certificate upon which the premises sued for were located and patented prior to its location?" Jury answer: "He did not."

"Q. 5. Did John McCullough acquire title to said land certificate through W. H. McCullough from J. H. Knapp, as alleged by the plaintiff in his petition in this case?" Jury answer: "He did not."

"In connection with said last two questions I charge you that a land certificate prior to its location is personal property, and may be transferred without a written conveyance. The transfer of a land certificate may be shown by circumstances.

"Q. 6. If you should answer that J. H. Knapp sold the land certificate to W. M. Cook, then you will answer whether or not such sale was verbal or by written transfer, and whether or not the same was before or after October 17, 1845. If you are unable to find from the evidence whether said transfer (if same was made) was verbal or written, then you will so state. The burden of proof is upon the plaintiff to show, by a preponderance of the evidence, that J. H. Knapp sold or transferred the land or the land certificate."

The court further submitted, at appellees' request, the following:

"Did W. H. McCullough ever convey the J. H. Knapp land certificate or the J. H. Knapp survey of land to John McCullough?" Jury answer: "He did not."

He also submitted at appellees' request the following:

"The burden of proof is upon the plaintiff to show, by a preponderance of the evidence, that W. H. McCullough sold the J. H. Knapp land certificate located on the land in controversy to John McCullough."

The court entered judgment for appellees on the verdict of the jury. The verdict of the jury has support in the evidence, and is sustained.

[1] The first and second assignments of error object to the instructions as to burden of proof as being prejudicial error. As seen, the court charged the jury that the burden was on appellant to show: (1) That J. H. Knapp sold the certificate or the land; and (2) that W. H. McCullough sold the Knapp certificate to John McCullough. These two facts were specially pleaded by appellant and relied on for title. It is quite elementary that the burden is on the party specially alleging a necessary fact to prove it. And there could be predicated no reversible error on giving the charges here, for the

case was submitted on special issues, and did not admit of a general verdict for or against appellant. Each of the charges on burden of proof had relation to separate questions. Telling the jury that the burden was on plaintiff to prove that W. H. McCullough sold the certificate to John McCullough related only to the question asked the jury as to whether there was such a sale by the former to the latter, and could not reasonably have been understood by the jury as bearing upon the other two questions of whether Knapp sold the certificate to W. M. Cook or to W. H. McCullough. The assignments should be, we think, overruled.

[2] The sixth assignment predicates error upon propounding at all questions 4 and 6 to the jury. The fourth question asked the jury to say whether or not J. H. Knapp transferred to W. M. Cook the certificate prior to its location. The jury answered that he did not. It was only in the event of the finding that a sale of the certificate was made that the sixth question was to be considered and answered. As the questions asked were upon issues of fact, it was proper in this case to ask the jury these questions, for after its location a land certificate becomes a chattel real, title to which cannot pass by parol. Hearne v. Gillett, 62 Tex. 23; Adams v. Ry. Co., 70 Tex. 252, 7 S. W. 729.

The fourth and fifth assignments complain of the refusal to grant a new trial upon the ground that the finding by the jury that J. H. Knapp did not transfer the land certificate before its location to W. M. Cook, and the further finding that John McCullough did not acquire the certificate through W. H. McCullough from J. H. Knapp, are both against the weight of the evidence. We would not be authorized in the record to hold that appellant was entitled to recover as a matter of law, or that the evidence was not sufficient as a matter of law to support the findings of the jury. We conclude that the evidence amply supports the findings of the jury, and should be sustained.

The assignments are overruled.