TUNSTILL v. GRISHAM et al. (No. 1182.)

(Court of Civil Appeals of Texas. El Paso. Feb. 17, 1921.)

1. **Champerty and maintenance** &⇒5(9)—**Contract held not to show plaintiff's guilt of barratry.**

Petition in action to recover a money judgment, in the alternative to recover a leasehold interest in described realty, *held* not to show on its face, to render it demurrable, that plaintiff, in his alleged contract with defendants to file suit for cancellation of a former lease on which agreed rentals had not been paid, and therefore had terminated, but which remained a cloud on the title, was willfully guilty of any act or combination of acts denounced as barratry by Pen. Code 1911, art. 421.

2. **Frauds, statute of** &⇒74(1)—**Contract as pleaded held enforceable as parol agreement to acquire land and divide it.**

Contract by plaintiff with defendants to file suit for cancellation of a former lease on which agreed rentals had not been paid and therefore had terminated, but which remained a cloud on title, as pleaded by plaintiff in his petition to recover money judgment or in the alternative to recover a leasehold interest in the realty, *held* enforceable as a parol agreement to acquire land together and to divide it according to the terms of the agreement.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Suit by W. A. Tunstill against T. F. Grisham and another. From judgment for defendants on demurrer to the petition, plaintiff appeals. Reversed and remanded.

Kirby, King & Keeble, of Abilene, for appellant.

Frank Judkins, Joe Burkett, and Grisham Bros., all of Eastland, for appellees.

WALTHALL, J. This suit was brought by W. A. Tunstill, appellant, against T. F. Grisham and R. N. Grisham, appellees, to recover a money judgment, and, in the alternative, to recover a leasehold interest in certain real estate described.

The trial court sustained appellees' general demurrer to the petition; the appellant declined to amend, and judgment was rendered for appellees.

The case presents only the one issue: Was the court in error in sustaining the general demurrer?

The appellees have filed no briefs in this court.

The material allegations of appellant's petition read as follows:

"First. That heretofore, to wit, on or about November 15, 1918, one Mr. Guy, a resident of Eastland county, Tex., represented to plaintiff that there existed on his land a lease for oil and gas development purposes, on which the rentals and renewals had not been paid and which, by reason thereof, was a cloud upon the title to said lands; that he had a number of friends whose lands were similarly involved, advising plaintiff that he had employed an attorney some time prior thereto to file suit in his behalf to set aside and cancel said lease, but had been unable to get his said attorney to take action thereon, and that he desired to employ another to look after it for him, and on said occasion engaged the services of plaintiff to get some one to prosecute in his behalf a suit to set aside and cancel said lease, agreeing at the time and contracting to pay plaintiff, or give plaintiff the lease on one-half of his land so under lease, if the lease thereon was set aside and canceled.

"Second. That in pursuance with said agreement with Guy, plaintiff enlisted the services of the defendant T. F. Grisham, to represent said Guy as attorney in setting aside the lease on his land, and introduced said T. F. Grisham to said Guy, who employed said Grisham to file suit for the cancellation of said lease, and at said time it was agreed by and between said plaintiff and defendant T. F. Grisham and Guy, that Guy would arrange for his friends before referred to to meet said defendant with a view of having them employ defendant T. F. Grisham, to represent them in their proposed litigation for cancellation of their said lease. That in pursuance of said agreement by and between Guy, defendant, and T. F. Grisham, plaintiff, defendant Grisham contracted with said Guy to file suit to set aside the lease on said land, and in pursuance with said agreement said defendant, T. F. Grisham, met and contracted with said Guy's friends and represented them as attorney in litigation for the cancellation of their said leases, the names of said Guy's friends who were so represented by said defendant T. F. Grisham being as follows, to wit: Mrs. N. V. Ellison, I. L. Brown, H. H. Oney, M. T. Harrell, W. P. Westmoreland and C. R. Goodnough.

---

&⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"Third. That at the time said Guy entered into the contract of employment with defendant T. F. Grisham, to represent him in his suit for cancellation of his lease, said defendant, T. F. Grisham, in consideration of the services rendered by plaintiff agreed with and contracted to pay plaintiff one-third of all moneys, leases, or emoluments growing out of and accruing from his said employment, not only by said Guy but his neighbors hereinbefore named.

"Fourth. That in pursuance of said representation as attorney for said named parties, defendant T. F. Grisham associated with him as co-counsel defendant R. N. Grisham, and that said defendants, by suit, negotiations, and compromises, acquired and came into possession in their name as their fee in said matters arising out of the contracts before mentioned oil and gas leases on the following described lands in Eastland county, Tex., to wit: (Here follows a description of lands.)

"That Mrs. N. V. Ellison, I. L. Brown, H. H. Oney, M. T. Harrell, W. P. Westmoreland, and C. R. Goodnough were all the friends of the said Guy, and parties had in contemplation when the before mentioned contract of employment was had between the parties named as plaintiff and defendant and Guy, and that that aggregate value of all said leases so recovered as fees in said cases and arising out of the contracts before referred to and incurring to the benefit of defendants was and is of the reasonable market value of $200. That defendants have already disposed of one 40-acre lease so acquired for the sum of $40,000. That in accordance with the terms of the contract between plaintiff and defendants and their agreement in regard to their employment by the parties before mentioned, plaintiff is entitled to a division of one-third of the total value of said fees so received from said employment.

"That the amount to which plaintiff is so entitled is now due, and defendants, though often requested, refuse to pay same or any part thereof to plaintiff's damage in the sum of $89,000.

"Wherefore plaintiff prays that defendants be cited to appear and answer herein. That upon final hearing plaintiff have judgment against defendants in the sum of $80,000 if the court should be of the opinion that plaintiff is not entitled to recover his portion of the fee in each case, that he have judgment for one-third the leasehold interest in above-described properties, and for such other and further relief as he may be in law or equity entitled."

The court sustained appellant's contention and sustained their general demurrer to plaintiff's petition. The plaintiff excepted to the action of the court and refused to amend the said petition as shown by his bill of exception No. 1. Thereupon the court dismissed plaintiff's said cause of action, to which action of the court plaintiff excepted and gave notice of appeal.

Appellant presents the propositions that the contract is not in contravention of any statute, civil or criminal; that the allegations in a petition, when assailed by a general demurrer, must be accepted as true.

The contract as pleaded, we think, does

228 S.W.—18

not show on the face of the petition that it is in contravention of article 421 of the Penal Code of this state. The article reads as follows:

"If any person shall willfully instigate, maintain, excite, prosecute or encourage the bringing of any suit or suits at law or equity in any court of this state in which such person has no interest, for his own profit or with the intent to distress or harass the defendant therein, or shall willfully bring or prosecute any false suit or suits at law or equity, of his own, for his own profit or with the intent to distress or harass the defendant therein, or shall willfully instigate, maintain, excite, prosecute or encourage the bringing or presentation of any claim in which such person has no interest, for his own profit or with the intent to distress or harass the person against whom such claim is brought or prosecuted, or shall seek to obtain employment in any claim to prosecute, defend, present or collect the same by means of personal solicitation of such employment, or by procuring another to solicit for him employment in such claim, or who shall, by himself or another, seek or obtain such employment by giving, directly or indirectly, to the person from whom the employment is sought money or other thing of value, or who shall, directly or indirectly, pay the debts or liabilities of the person from whom such employment is sought, or who shall loan or promise to give, loan or otherwise grant money or other valuable thing to the person from whom such employment is sought before such employment, whether the same be done directly by him or through another, or if any attorney at law shall seek or obtain employment in any suit or case at law, or in equity, to prosecute or defend the same by means of personal solicitation of such employment, or by procuring another to solicit for him employment in such cases, or who shall, by himself or another, seek or obtain such employment by giving directly or indirectly to the person from whom employment is sought money or other thing of value, or who shall directly or indirectly pay the debts or liabilities of the person from whom such employment is sought, or who shall loan or promise to give, loan, or otherwise grant money or other valuable thing to the person from whom such employment is sought, before such employment, in order to induce such employment, whether the same shall be done directly by him or through another, shall be deemed guilty of barratry, and shall upon conviction be punished by fine in any sum not to exceed five hundred ($500.00) dollars, and may in addition thereto be imprisoned in the county jail not exceeding three months; provided, that the penalties hereinbefore prescribed shall apply not only to attorneys at law, but to any other persons who may be guilty of any of the things set forth in the foregoing provisions of this Act. The term attorney shall include counsel at law; and any attorney at law violating any of the provisions of this law shall in addition to the penalty hereinabove provided, forfeit his right to practice law in this state, and shall be subject to have his license revoked and be disbarred in the manner provided by law for dishonorable conduct or malpractice, whether he has been convicted for violating this law or not." Article 421, Penal Code.

The petition states grounds for the cancellation of the former lease; that it had not been canceled and was a cloud upon the titles of the lands; that appellant, through his negotiations with Guy, had acquired a contractual vested interest in the land prior to his alleged contract with appellees.

[1] We think it could not be gathered from the petition itself that appellant, in his contract with appellees to file the suit for the cancellation of the former lease on which agreed rentals had not been paid, and by reason thereof had terminated, but remained a cloud upon the title, was willfully guilty of any act or combination of acts stated in the above article constituting barratry.

[2] The petition discloses the terms of the contract upon which appellees undertook to bring about a cancellation of the former lease; that appellees, under the contract, by suit, negotiations, and compromises acquired possession in their names as their fee, oil and gas leases on the lands involved and fully described. The petition further states the reasonable market value of the leases acquired by appellees, and the interest which inured to appellant under the terms of the contract pleaded. We have concluded that the contract as pleaded was enforceable as a parol agreement to acquire land together and divide it according to the terms of the agreement. Watkins v. Gilkerson, 10 Tex. 340; Evans v. Hardeman, 15 Tex. 480; Reed v. Howard, 71 Tex. 204, 9 S. W. 109; Home Investment Co. v. Strange, 109 Tex. 342, 195 S. W. 849.

The contract as alleged, out of which the present suit grew, seems to have been for a settlement of conflicting claims between Guy and others. Each party to the contract having a claim to portions of the same land and the suit was to finally settle and adjust the matter.

We think, under this view, the case of Hearne v. Gillett, 62 Tex. 23, is in point.

We have concluded that the court was in error in sustaining the general demurrer.

The case is reversed and remanded.

⊗⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes