ROBERT B. SMOCK ET AL. v. ROBERT M. TANDY.

An agreement between the owner of a land certificate and another person that the latter should, at his own expense, locate the certificate and obtain the survey and patent, for which services and outlay he should be entitled to a certain portion of the land, is not a sale of lands within the meaning of the fourth clause of the 1st section of the statute of frauds, and need not be in writing. (Paschal's Dig., Art. 3785, Note 904.)

If the locator comply with his part of such a contract, and procure the patent to be issued in the name of the owner of the certificate, the latter holds the title to the locator's portion of the land in trust for the locator, and will be decreed to convey in a suit for specific performance.

An agreement to divide or partition lands is not within the statute of frauds, and need not be in writing.

S and C entered into a written contract, by which C agreed to locate, survey, and patent two hundred and sixty acres of A's three hundred and twenty acre certificate, for which he should be entitled to one-third, or eighty-six and two-third acres of the land. Afterwards, S and C made a verbal agreement, by which C was to locate, survey, and patent the entire three hundred and twenty acres, and for so doing was to be entitled to eighty acres off of the east end of the tract, instead of the proportion provided for in the written contract. Having performed his part of the contract and procured a patent to S for the entire three hundred and twenty acres, C, the locator, sued S for title to the eighty acres off of the east end of the tract. S plead that the contract was not in writing, as required by the fourth clause of the 1st section of the statute of frauds. *Held*, that the statute of frauds has no application. (Paschal's Dig., Art. 3875, Note 904.)

The judgment of the court below in favor of the plaintiff being defective for

informality and want of certainty, but not void, this court, having the cause before it, reforms the judgment at the cost of the plaintiffs in error, who were defendants below. (Paschal's Dig., Arts. 1562, 1571, Notes 604, 606.)

ERROR from Johnson. The case was tried before Hon. NAT. M. BURFORD, one of the district judges.

The essential facts are clearly stated in the opinion of the court.

The petition was filed by defendant in error on the 31st of May, 1860, and service of process was acknowledged a few days thereafter. Trial at the ensuing July term, and verdict of the jury, finding "the allegations in plaintiff's petition to be true, and that the said plaintiff is entitled to eighty acres of land off of the east end of the survey described in his said petition." The judgment of the court was as follows: "Whereupon it is ordered, adjudged, and decreed by the court, that the plaintiff do have and recover of and from the defendants eighty acres as aforesaid, and that the plaintiff do have and recover of defendants all costs, for which let execution issue."

*John W. Berry*, for the plaintiffs in error.

*A. Bradshaw*, for the defendant in error.

SMITH, J.—The plaintiff in error, R. B. Smock, and one G. H. Cunningham, on the 15th March, 1854, entered into a written agreement, by which Cunningham was to locate, survey, and have patented for him two hundred and sixty acres of land, and, when patented, Smock bound himself to make him a deed for one-third of it. Subsequently they entered into a verbal agreement, Cunningham acting by agent, to enlarge the survey to the full amount of three hundred and twenty acres, the whole of the certificate that Cunningham was locating, and he to receive his part for locating, surveying, and patenting it at his own expense, on the east end of the tract. The latter fully complied

with the agreement, and patent was issued in the name of R. B. Smock, 1st December, 1856. On the 28th day of October, 1858, Cunningham transferred to the defendant in error, Tandy, the bond and written agreement made by Smock to him, and this suit was instituted by Tandy 31st May, 1860, upon the said bond and verbal contract, and prayed for specific performance and a decree for the eighty acres on the east end of the tract.

Verdict and judgment were rendered in his favor, and the defendants below have brought the cause here by writ of error.

The court below instructed the jury that, if they believed the verbal agreement was entered into as stated, they should find for the plaintiff. This the plaintiffs in error assign as error, and insist, that the verbal contract is embraced by the provisions of the act to prevent frauds and fraudulent conveyances, (O. & W. Dig., Art., 936,) which provides that no action shall be brought upon any contract for the sale of lands unless the promise or agreement shall be in writing, and signed by the party to be charged therewith. (Paschal's Dig., Art. 3875, clause 4, Note 904.)

This suit is not predicated upon a contract for the sale of land within the meaning of that act. It is a contract by which they agreed to acquire land together, one furnishing the certificate and the other his labor and expenses, in having the land located and patented; each furnishing his part of the means and consideration which secured the land from the government in the name of Smock, who holds Cunningham's share, according to their agreement, in trust for him, and is in equity as much compelled to convey it to him as if the land had been purchased by Smock from a third person, in his own name, with the funds and for the use of Cunningham. Such a contract is not embraced within the act referred to. This doctrine has been settled by this court in a number of cases. (Wat-

kins v. Gilkerson, 10 Tex., 340; Miller v. Roberts, 18 Id., 16.)

The verbal agreement made by Smock with the agent of Cunningham is more in the nature of an agreement to partition the land than a purchase. By the written contract, he was entitled to one-third of two hundred and sixty acres, which would be eighty-six and two-third acres, the land being equal in value. The verbal agreement was to enlarge the survey, then being made, to the full amount of the certificate, three hundred and twenty acres, and Cunningham's share in the survey to be reduced from the eighty-six and two-third acres and located on the east end of the tract; the latter to incur the additional expense of the survey, that is, his share in the partition was to be located at the east end of the tract. If this be the proper construction to place on the verbal agreement, then it is not necessary that such an agreement should be in writing, because it is one to divide or partition lands, and not for the sale of them.

The plaintiffs in error have assigned as error informality and want of certainty in the judgment in the court below. The judgment is not void, but should have described the eighty acres more fully, giving the metes and bounds as set forth in the plaintiff's petition. This informality we do not deem error, for which the cause should have been brought here for reversal. This court, having the case before it, will enter such a decree as should have been entered below; therefore it is ordered, that the judgment be reformed, and a full description of the eighty acres be set out in the judgment, and that it be affirmed at costs of the plaintiffs in error.

JUDGMENT REFORMED AND AFFIRMED.