E. P. ANDERSON v. SUSAN POWERS.

(Case No. 4770.)

1. STATUTE OF FRAUDS.— A verbal agreement for the conveyance of a specified interest in land, in consideration of services to be rendered to the obligor in its recovery, the legal title then being in another, is not within the statute of frauds. The words "or any interest in or concerning real estate," which occur in the English statute of frauds and perjuries, are omitted from the Texas statute. Evans *v.* Hardeman, 15 Tex., 480, and other cases to the same effect, cited and followed.

APPEAL from Ellis. Tried below before the Hon. George N. Aldredge.

Suit was brought by Anderson to recover an undivided tenth interest in land and for partition. It was alleged that Susan Powers employed him to recover the land in a suit then pending, and had

agreed to give him one-tenth of it. The court found the facts to exist as alleged, but rendered judgment for the defendant.

*Anderson & Lathrop,* for appellant.

*Tevis & Rainey,* for appellee, cited R. S., art. 2464; Garner *v.* Stubblefield, 5 Tex., 552; Ann Berta Lodge *v.* Leverton, 42 Tex., 18.

WEST, ASSOCIATE JUSTICE.— The court was in error in holding that the agreement in question, between appellant and appellee, was a contract for the sale of real estate, and therefore void under the statute of frauds, because not in writing. When the agreement was made by appellee for the recovery of the land in suit, it had been conveyed by her husband to other parties. The title was neither in the appellee or her husband, but in third parties, and the agreement was not a contract for the sale of the real estate, but was an agreement for its recovery for her by the appellant, in consideration of which he was to receive a certain portion of the land recovered.

In James *v.* Fulcrod, 5 Tex., 516, the distinction was pointed out between our statute and the statute of frauds and perjuries (29 Charles II, ch. 3). In our statute the words "*or any interest in or concerning real estate,*" which appear in the English statute, are omitted. As a consequence, many verbal agreements concerning real estate, or creating an interest or trust in real estate, can be here enforced, which would come within the terms of that statute.

These views are sustained by the following adjudicated cases: Evans *v.* Hardeman, 15 Tex., 480; Stuart *v.* Baker, 17 Tex., 417; Miller *v.* Roberts, 18 Tex., 16; Bullion *v.* Campbell, 27 Tex., 653; Smock *v.* Tandy, 28 Tex., 132; Gibbons *v.* Bell, 45 Tex., 418. The rule may now be considered as too firmly established in this state to be departed from.

The judgment of the court below will be reversed and the cause remanded, with instructions to the district court to have commissioners appointed and the appellant's land set apart to him, in accordance with the views expressed in this opinion.

REVERSED AND REMANDED.

[Opinion delivered April 10, 1883.]