## J. S. GRINNAN ET AL. v. CALLAWAY DEAN.

(Case No. 1728.)

1. ESTOPPEL — EVIDENCE — CHARGE OF COURT.— Where there is no proof tending to show an estoppel, which constitutes the only defense, the court does not err in charging the jury to find against the party setting up that defense.
2. SAME — CASES CITED.— Eason *v.* Eason, 61 Tex., 225; Andrews *v.* Smithwick, 20 Tex., 111; Supreme Council, etc., *v.* Anderson, 61 Tex., 296, cited and approved.

3. Equitable estoppel.— Statements of a person as to title being good, which are vague, and yet such as would put a prudent man upon inquiry, are not such as a subsequent vendee can plead by way of estoppel.
4. Same.— A statement to be the basis of an estoppel should be one that the party cannot contravene without fraud on his part. Following Scoby *v.* Sweatt, 28 Tex., 730.
5. Evidence.— A letter as to title to land, written after the purchase thereof was made, is inadmissible to establish an estoppel, as it could not have influenced the vendee.

Appeal from Wood. Tried below before the Hon. Felix J. McCord.

Callaway Dean filed his petition on the 21st day of May, A. D. 1883, alleging that on the 8th day of May, 1883, plaintiff was lawfully seized and possessed of an undivided half interest of one thousand four hundred and seventy-six acres of land. That on that date, appellants entered and ejected plaintiff therefrom, wherefore he sued for restitution of the land, for damages, costs of suit and for partition.

Defendants filed their answer, consisting of a general denial and a plea of not guilty,— the principal defense being that of equitable estoppel.

After hearing all the evidence and argument of counsel, the court charged the jury to take the case and return a verdict for the plaintiff. Defendants prepared and presented four special charges, all of which were refused by the court. Verdict in favor of plaintiff.

*J. J. Hill* and *Giles & Kutman,* for appellants.

*Chilton, Robertson & Finley,* for appellees.

Willie, Chief Justice.— This was an action of trespass to try title, brought for the recovery of the undivided one-half of a third of a league of land originally granted to Joel C. Bradford, and to have the same partitioned and set apart from the remainder of the tract. Both parties to the suit claimed under Otis M. Wheeler as a common source of title, and plaintiff proved a regular chain of mesne conveyances from Wheeler to himself of an undivided half, as did the defendant of the other half of the tract. Defendant, however, set up title to the portion claimed by plaintiff, on the ground that Wheeler was equitably estopped from claiming title to the land, as against the defendant Grinnan, at and before the time he sold to the plaintiff, of which fact plaintiff had full knowledge at the date of his purchase. Evidence having been heard upon the points at issue between the parties, the court charged the jury to

find a verdict for the plaintiff. The jury having found accordingly, judgment was rendered for the plaintiff for a recovery of the land claimed by him in his petition.

The defendant has appealed to this court, making several assignments of error, the most important of which relate to the rulings of the court upon the defense of estoppel. As this was the only ground upon which he claimed title to the undivided seven hundred and thirty-eight acres in controversy, if there was no proof tending to show an estoppel the court did not err in charging the jury to find for the plaintiff. Eason v. Eason, 61 Tex., 225; Andrews v. Smithwick, 20 Tex., 111; Supreme Council, etc., v. Anderson, 61 Tex., 296.

The evidence lacks one essential requisite which in itself is sufficient to make it wholly worthless to establish an equitable estoppel. It does not show any statement or conduct on the part of Wheeler calculated to induce Grinnan to believe that he had certainly conveyed title to Grinnan's vendor or to any one else. Wheeler does not say so in words, nor could any inference to that effect be drawn from what he did say. Indeed he spoke very cautiously, as any one would who was talking of matters of so ancient a date. He connected the statement that he thought the title was good with the qualification that he had no memoranda whereby to refresh his memory. He qualified the remark to the effect that he thought his agent (Bell) had sold to Ham, by saying that he supposed the records would show as to this fact. He added, "that he would examine when he went home and see if he had any memoranda that would enable him to give the true *status* of the matter." No one could have been deceived by these statements. The only possible interpretation to be put upon them was that his agent might have sold the land to Ham, but he had no distinct recollection on the subject; that he could not speak definitely without consulting his memoranda at home; that the records would show whether or not Bell had sold to Ham, and to these Grinnan was referred for information. It was in fact a warning to Grinnan not to purchase until he should hear the result of Wheeler's examination of his memoranda, or until he had consulted the records of the proper county.

He did not wait for either before buying, and if he got no title he cannot claim that he was induced to change his condition by the representations of the plaintiff's vendor, but has done so in spite of his warning upon the subject. A statement to be the basis of an estoppel should be one that the party cannot contravene without fraud on his part. Scoby v. Sweatt, 28 Tex., 730.

Here the statement was far from positive, and by its terms and qualifications made expressly subject to contradiction by the party making it. The direct and natural result of such statement was not to lead the appellee into a purchase of the land, but to cause him to halt and investigate, and in this it lacked another important element of estoppel. Id.

We might show the representations otherwise insufficient to create an estoppel, but enough has been said to justify the court below in holding that there was no evidence of estoppel, and in charging the jury to find for the plaintiff as against this sole defense of the defendant. This holding leads, of course, to the conclusion that the special charges asked by the defendant could not have been given. They were based upon the idea that the facts we have been considering furnished evidence of an estoppel *in pais*, when we have come to a contrary conclusion. There was, in fact, no evidence whatever to warrant the submission of such charges to the jury. Had the jury found that an estoppel had been proven by them, it would have been the duty of the court to have set aside their verdict upon motion, and hence no such charges could have been given. It was not error to exclude the letter of Wheeler from the jury. As proof of an estoppel it was inadmissible, because it could not have influenced a purchase made before it was written. It was also indefinite in its expressions, and makes no statements which can be construed into a representation that Grinnan's or Mrs. Ham's title to the one-half interest in controversy was valid. It would have tended to confuse the jury, and was properly withheld from them.

It is no ground of reversal that the judgment did not order the land partitioned. The fact that a plaintiff does not obtain all the relief he prays for, does not furnish the defendant a ground of complaint. The judgment is affirmed.

                                        · AFFIRMED.