No. 2359.

S. A. BYNUM ET. ALS. *v.* DUNCAN PRESTON ET AL.

1. PLEADING.—The Supreme Court will not reverse a judgment overruling an exception to a petition which alleged the existence of a lien and that such lien was reserved in notes, attached to the petition as exhibits, when the exception is based on the ground that no such lien is reserved in the notes, if it shall appear from an inspection of the transcript that no such exhibits are contained in the record. The exception is disposed of by the general allegation that the lien was reserved.

2. DEED—LIEN—ESTOPPEL.—A deed was executed and delivered to the vendees conveying land, which deed referred to notes executed for the purchase money, but neither in the deed or notes was a lien reserved for their payment. But a small portion of the purchase money was paid,

and the purchasers removed from the land and ceased possession. The vendor afterwards resumed possession, and after the purchase money notes, still unpaid, were barred by limitation. brought suit against the vendees alleging abandonment, and to cancel the deed as a cloud upon his title. *Held*, That the defendants were not estopped to set up their legal title to the land.

3. ESTOPPEL.—To constitute an estoppel, there must have been:

(1) A false representation or concealment of material facts.

(2) The representation must have been made with a knowledge of the facts.

(3) The party to whom it was made must have been ignorant of the truth of the matter.

(4) It must have been made with the intention that the other party should act upon it, and

(5) The other party must have been induced to act on it.

APPEAL from Rusk. Tried below before the Hon. J. G. Hazelwood.

*W. J. Graham* and *H. L. Stone* for appellants: On their proposition that the court erred in finding as a matter of law that notwithstanding the fact that the contract of purchase of the land in controversy between plaintiffs and defendants was an executed contract, in equity after defendants had abandoned the land the plaintiffs became reseized of the title and possession as completely as they would if the plaintiffs had reserved the lien for the purchase money in the deed, and in each of the purchase money notes, cited Ransom v. Brown, 63 Texas, 188; Baker v. Compton, 52 Texas, 252; Hall v. Baker & Rice, 60 Texas, 217.

*J. H. Jones* and *G. H. Gould* for appellees: On their proposition that failure to pay for the land in suit, and the abandonment of the possession and surrender of all control of it, and refusal to pay the tax on it by appellants, and the possession of it and notorious use and control of it by appellees, with the knowledge of acquiescence of appellants, before the purchase money notes given by appellants were barred by the statute of limitations, estop appellants from asserting any claim to the land in law or equity, cited Williams v. Chandler, 25 Texas, 4; Mayer v. Ramsey, 46 Texas, 375, and authorities therein referred to.

That the abandonment of the land and the surrender of the possession and control of it by appellants, and the acquiescence of appellees in the acts of appellants under the facts established

by the evidence referred to in the statement under the first proposition, invested the appellees with the superior right to the land, and constitute in equity a renunciation of the contract by which the appellants acquired the land, that will bind appellants and estop them from recovering the lands, there being no third party to be affected by it, it is not in violation of law and an act of the parties that should be enforced by the courts, they cited **Mann's Executors v.** Falcon, 25 Texas, 271; also 21 Texas, 260.

That if appellants have acted in such a manner as intentionally to make the appellees believe that they had no right to the land or had abandoned the land, and appellees trusting to that belief, have done acts which they would otherwise not have done, to wit: Allow the purchase money notes to be barred by limitation without an effort to enforce the vendors lien, and were permitted to take possession of the land before the notes were barred, and continue in possession till the bringing of this suit, without objection or any pretense of claim by appellants to the land, appellants will be restrained from asserting their claim to the land and from availing themselves of their fraud to recover the land without paying for it, they cited Love v. Barber, 17 Texas, 317; Williams v. Chandler, 25 Texas, 11; Scoby v. Sweatt, 28 Texas, 714; Page v. Arnim, 29 Texas, 53; **Mayer v.** Ramsey, 46 Texas, 375; and Bigelow on Estoppel, 600.

GAINES, ASSOCIATE JUSTICE.   Appellees, on the twenty-third day of January, 1877, sold to appellant Bynum and one S. F. Menifee, who was the ancestor of the other appellants, and is now dead, the tract of land which is the subject matter of this suit. For the consideration of the conveyance the vendees executed six promissory notes each for one hundred and fifty-one dollars and fifty cents; two being payable twelve, two twenty-four and two thirty-six months after date, and all reciting that they were given for the purchase money of a tract of land sold on the day of their date. The deed also recites the execution of the notes for the purchase money, but in none of these instruments was the vendor's lien expressly reserved. The vendees went into possession, but in 1880 or 1881 Menifee abandoned his possession and died in an adjoining county before the bringing of this suit. Bynum also removed from the land in 1883, and it seems very shortly thereafter appellees took possession through a tenant and so held it until the time of the trial. They brought

this suit to remove the deed as a cloud upon their title, and obtained a judgment to that effect.

The first assignment of error is that the court erred in overruling defendant's exception to plaintiffs' original petition and their trial amendment. In their statement under this assignment, counsel for appellants say: "They (meaning plaintiffs) allege that the notes given for the land reserves a lien on it, but they make the notes a part of the petition, and the notes show for themselves that they contain no lien." But we find that although the petition refers to exhibits as having been made parts thereof, no such exhibits appear in record, and hence there is nothing upon the face of the petition as set out in the transcript to show that the allegation that the lien was reserved is not true. From the record before us we must hold that the exceptions to the petition were properly overruled.

We do not think it necessary to consider the other assignments in error. They raise the question whether the plaintiffs make out a case in their testimony which entitled them to a judgment for the land. The deed and notes introduced in evidence showed that no lein was expressly reserved for the payment of the notes. It was an executed sale, and the vendors having parted with the title had no right to claim a revision upon the failure or refusal of the vendees to pay the purchase money. But appellees claim that, by the conduct of the vendees, appellants are estopped. They proved as to Menifee, that he paid very little on the notes (not enough, the court found, to pay a reasonable rent on the land for the time he occupied it), and that he left it in 1880 or 1881. No witness testifies to any fact, showing satisfactorily why he left it. But he never returned, and died in another county. Bynum also paid very little of the purchase money and moved from the place to another about three miles distant, in the spring of 1883. He testified that he left it because "it was sickly" and that he had abandoned his claim to it. Appellee Harris testified that he talked with Bynum in the winter of 1886 and 1887 and that the latter said he had abandoned the place; but upon cross-examination said he was not certain that he may not have said he had left the place. He did not testify to any conversation with Bynum before he took possession. Baxter testified that Bynum told him just before the trial, "that Menifee had abandoned the land, and that he could not pay for it and had quit it." One McCord testified, that Bynum said to him "that the place was sickly and that he had let it go back to

Preston and Harris;" but upon cross examination admitted that he did not remember that Bynum said that he had turned it over to Preston and Harris. This witness also said: "My impression was that Bynum said he had abandoned the place and had turned it over to Captain Preston and the impression was made on me from the fact that Bynum said he had quit it and the fact that Preston was in possession." This is in substance all the evidence bearing upon the question.

When Menifee left the premises none of the notes were barred, but when Bynum left all were barred but the two last, and the theory of the appellees is, that by leaving the place the vendees induced them to believe that they had surrendered all their rights under the deed, and to repose upon that belief until the notes were barred, and that thereby an estoppel was created. But we fail to perceive any ground upon which this claim can be successfully maintained. Appellees are presumed to have known the law, and to be aware that a mere abandonment by the vendees would not reinvest them with title to land they had conveyed away; and it can not be supposed that any prudent man would be induced by this alone to forgo his remedies for the enforcement of his lein for the purchase money. The conduct both of Bynum and Menifee is lacking in the essential elements of an estoppel. These are given in a leading text book upon this topic as follows: 1. "There must have been a false representation or concealment of material facts. 2. The representation must have been made with a knowledge of the facts. 3. The party to whom it was made must have been ignorant of the truth of the matter. 4. It must have been made with the intention that the other party should act upon it. And 5. The other party must have been induced to act upon it." (Bigelow on Estoppel, 484. See also Steed v. Petty, 65 Texas, 490; Blum v. Merchant, 58 Texas, 400.)

Now, in the case before us, there was no representations by the vendees, nor any silence on their part, when it was their duty to have spoken. Nor was there any act done or word uttered by them, or either of them, as shown by the evidence, which manifests an intention that it should be acted upon by their vendors. Neither of the vendees told appellants, or either of them, that they had abandoned the land because they could not pay for it; and that the vendors could take it back. It appears, therefore, that appellants assumed that their vendees had surrendered the land because they were not able to pay the pur-

chase money, but the vendees did not authorize such an assumption by any declaration made by them. They are not shown to have made any declaration concerning the matter until the notes were barred. That the mere failure to pay the notes and the taxes on the land and removal from the premises would not bar their legal right, whatever the action of the owners, we think too plain for argument.

We know of no case in which this ground of action or defense has been sustained upon such a slender foundation. The case made by appellee is insufficient upon the authority of every decision cited by counsel to support it. (Love v. Barber, 17 Texas, 317; Williams v. Chandler, 25 Texas, 11; Scoby v. Sweatt, 28 Texas, 714; Page v. Arnim, 29 Texas, 53; Mayer v. Ramsey, 46 Texas, 375.) To these a number of later cases may be added: (Echols v. McKee, 60 Texas, 41; Peters v. Clements, 52 Texas, 140; Blum v. Merchant, 58 Texas, 400; Grimes v. Watkins, 59 Texas, 133; Grinnan v. Dean, 62 Texas, 218; Steed v. Petty, 65 Texas, 490.)

If the vendees after their abandonment had told a third person that they had surrendered all claim to the land to their vendors, and that the latter alone had the right to sell it, and acting upon these representations, such person had bought of the vendors, then the vendees would have been estopped. But the abandonment of the land by them and the resumption of possession by their vendors would not constitute such an inducement as would justify a purchase from the vendors to claim this equity; and it seems clear to us the vendors themselves occupy no higher ground.

If appellees had shown, that Menifee and Bynum notified them that they were unable to pay their notes, and that they had abandoned the property and would no longer claim it, and had authorized them to take possession, and if the former relied upon this and took possession and forbore to sue until the notes were barred, they may have had a better case. But that is not the case made in the record, and we do not deem it proper to decide it in advance.

The claim of appellants is unconscientious, and in any other than a legal sense, unjust; and the case of appellees, though brought about by their own laches, is a hard one. But the law is inexorable, and it is our duty to declare it, and not to bend it so as to meet the abstract justice of the case.

For the error of the court in holding appellants estopped to

set up their legal title to the premises in controversy, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered December 2, 1887.