**MOORE et al. v. CAREY BROS. OIL CO. et al.**
(No. 446–3939.)

(Commission of Appeals of Texas, Section B. May 27, 1925.)

**1. Estoppel ⬤94(1)—One must be fully apprised of his rights before his conduct will estop him from thereafter asserting them.**

To apply an estoppel, it is indispensable that party standing by and concealing his rights should be fully apprised of them, and should by his conduct of gross neglect encourage or influence a purchaser, since if he be wholly ignorant of his rights there can be no just inference of actual or constructive fraud on his part.

**2. Estoppel ⬤94(1)—Plaintiffs held not estopped to assert a lien on oil well casings for unpaid purchase price.**

Plaintiffs held not estopped to assert a lien on oil well casings for unpaid purchase price thereon sold by purchaser of oil and gas lease, because one of them was present when property was sold, where he did not know that plaintiffs had any claim for unpaid purchase price of casings.

**3. Mines and minerals ⬤114—Affidavit to fix lien on oil well casings need not describe land whereon used.**

Affidavit to fix a lien on oil well casings, which fully complied with requirements of statute, and lien being a constitutional one, was sufficient without a description of real estate on which they were used.

**4. Fixtures ⬤29—Oil well casings withdrawn from well became personalty.**

Oil well casings which were used in a well and afterwards withdrawn, even though they had at one time been a part of realty, yet, having been withdrawn, became personalty.

**5. Estoppel ⬤63—Purchasers of oil lease held estopped to contend that oil well casings were not personalty.**

Purchasers of oil and gas lease, who acquired no title to oil well casings by purchase, and who treated such casings as personalty, and who sold them as such and appropriated proceeds thereof, were estopped to contend, as against plaintiffs seeking to assert a lien thereon for unpaid purchase price, that such casings were not personalty.

---

**6. Mechanics' liens ⟶173—Mechanic's or materialman's lien, when fixed by filing of bill of particulars, relates back to date of contract.**

A mechanic's or materialman's lien, when fixed by filing of bill of particulars, relates back to date of contract, and is superior to all liens fixed after date of contract.·

On motion for rehearing. Motion overruled.

For original opinion, see 269 S. W. 75.

SHORT, J. The plaintiffs in error in their motion for rehearing complain of that portion of the opinion holding that the defendants in error were not estopped from asserting a lien upon the property by reason of their failure to notify ·the plaintiffs in error of any claim they had, and submit ·as a proposition that—

"Where property is sold at a public sale, and the officer or trustee making the sale states to ·the prospective purchasers that there are no liens against the property, and a lienholder, of whose claim the purchasers have no notice, is ·present and hears such statement and makes no ·objection, although he knows that·the purchasers are relying on the statement he is estopped to thereafter assert his lien against any such ·purchasers."

[1] We have no special objection to the ·correctness of this proposition, generally speaking. However, the opinion of the Court of Civil Appeals (246 S. W. 1083) sets out ţhe circumstances under which an estoppel is sought to be interposed, and, after a re-examination of the authorities, we conclude that no error has been committed in this respect. The effect of an estoppel in pais is to prevent the assertion of an unequivocal right, or preclude a good defense, and justice demands that it should not be enforced, unless substantiated in every particular. The ground upon which the estoppel proceeds is fraud, actual or constructive, on the part of the person sought to be estopped. What will amount to the suggestion of a falsehood, or the suppression of the truth, may be difficult to determine in all cases; but some turpitude, some inexcusable wrong, that constituted that direct motive, or induced the outlay or purchase, is necessary to give silence or acquiescence the force of estoppel in pais. In order to apply an estoppel, it is indispensable that the party standing by and concealing his rights should be fully apprised of them, and should, by his conduct of gross neglect, encourage or influence a purchaser, for, if .he be wholly ignorant of his rights, there can be no just inference of actual or constructive fraud on his part. Rights can be lost or forfeited only by such conduct as would make it fraudulent and against conscience to assert them. Burleson v. Burleson, 28 Tex. 384, 385.

[2] Applying these principles to the facts in this case, it is seen that only one of the plaintiffs was present at the time the property was sold at trustee's sale, who testified that he did not know that defendants in error had any claim for the unpaid purchase price of the casing. Evidently the defendants in error could not be estopped merely because Moran was present at the sale and did not proclaim the fact that the defendants in error had a claim on the casing, since he was in ignorance of this fact. Another one of the defendants in error testified that he was not present at the sale and could not say that he knew when the sale was going to be had; that he knew the property was going to be sold in a general way, but that he had no notice of any time of sale. Moreover, that he was not at that time the active manager of the defendants in error, having ceased to be such active manager at the time, but that he knew the petroleum company owed a balance on the casing in question of $1,550. Applying the rules of law above stated to these facts, we do not think that the plaintiffs in error have shown a case of estoppel against the defendants in error, and we overrule this assignment. Bynum v. Preston, 69 Tex. 292, 6 S. W. 428, 5 Am. St. Rep. 49; Biglow on Estoppel, 484; Steed v. Petty, 65 Tex. 490; Blum v. Merchant, 58 Tex. 400.

[3] The plaintiffs in error also insist that the description of the casing and real estate in the affidavit filed by defendants in error in the mechanic's lien record was not sufficient to put the plaintiffs in error upon notice of the lien, and that this court erred in holding that said affidavit was sufficient. The original opinion called attention to the fact that the lien asserted by the defendants in error is one created by the Constitution, and that it does not depend upon the statute, declaring that the Legislature has no power to affix to such a lien a contingency of forfeiture, but that the Legislature is commanded simply to provide for the speedy and efficient enforcement of the lien, and further holding that no record at that time is necessary to give ·force and effect to the lien. It will be noted that the point attempted to be made is: The defendants in error have no lien on account of the fact that ·the real estate was not described upon which the casing was intended to be placed. Since the lien is a constitutional one, and since it was not necessary to file an account to fix the lien, it would seem that the legal sufficiency of an affidavit would not be material in determining whether in fact a party had a constitutional lien. The affidavit in this case complied fully with the requirements of the statute. These requirements having been met, the defendants in error had. dis-charged their duty to the public. One is

not required to do more than that which the law demands with reference to a given matter. The lien was on the casing which was used in the well and afterwards withdrawn. The lien was not on the real estate, and therefore we hold that it was not necessary to describe the real estate. This assignment of error is, in our opinion, without merit, and it is therefore overruled.

What has been said with reference to the second assignment is equally applicable to the third, as set forth in the motion, to the effect that the opinion is erroneous in holding that it was not necessary for the defendant in error to have complied with the statute regulating the manner of fixing and giving notice of materialmen's liens, as well as to the fourth ground in the motion, to the effect that this court in its opinion is in error in holding that it was not necessary to describe the lease and leasehold estate upon which the casing was located and we therefore overrule these assignments.

[4, 5] The fifth ground is that the opinion is in error in holding that the casing did not become a part of the realty. We do not think that what has been said on this subject in the original opinion needs any addition in order to make the matter clear and unmistakable. In this case the casing, even though it had at one time been a part of the realty, which we do not thnk it ever did, yet having been withdrawn, it became personalty, and was treated as personalty by the plaintiffs in error who sold it as such and appropriated the proceeds thereof, and having treated it as personalty, it does not lie in the mouth of the plaintiffs in error to now contend that they are entitled to the benefits of their own wrong.

[6] The sixth assignment in the motion is to the effect that the opinion is erroneous in holding that the defendants in error, by filing their affidavit within four months after the sale, secured a superior lien to the casing so as to prevent the plaintiffs in error from being innocent purchasers. A mechanic's or materialman's lien when fixed by the filing of a bill of particulars relates back to the date of the contract, and is superior to all liens fixed after the date of the contract. Trammell v. Mount, 68 Tex. 210, 4 S. W. 377, 2 Am. St. Rep. 479; Fagin & Osgood v. Boyle Ice Machine Company, 65 Tex. 324. This assignment is overruled.

The seventh assignment in the motion is to the effect that the opinion is erroneous in holding that the plaintiffs in error were liable to compensate the defendants in error for the value of the casing, the compensation to be measured by the amount of the debt, not exceeding the value of the property converted. In this case, the testimony shows that the defendants in error had a superior lien on the casing and that the plaintiffs in error converted the casing to their own use, and it is not shown that the value of the casing so converted was less than the amount of the debt to secure the payment of which the defendants in error had a lien thereon. A mere statement of this proposition is sufficient to show that the opinion is correct and this assignment is overruled.

The eighth assignment is overruled for the same reason, as well as the ninth and tenth.

Having considered all the assignments and believing that none of them has any merit, the motion is overruled.