## SPARKS et al. v. GILLIAM et al.
### No. 7430.

Court of Civil Appeals of Texas. Austin.
March 12, 1930.

Rehearing Denied April 16, 1930.

Harris, Harris & Sedberry and Wm. E. Davenport, all of San Angelo, for appellants.

Upton & Upton, of San Angelo, for appellees.

McCLENDON, C. J.

Sparks and Kubela, as assignees of McCrary Realty Company, a commission brokerage partnership, sued Mrs. Gilliam for a commission on a sale of land made by Mrs. Gilliam to Cervenka. Trial to court without a jury, and judgment denying recovery to plaintiffs on two grounds: That McCrary Company (1) were not the procuring cause of the sale, and (2) "did not exercise good faith toward defendant by informing her of their negotiations with said Cervenka; and that they misled her at the time she signed said sales contract in believing McCrary Realty Company, with whom she had listed said property, was not claiming any commission on the sale."

Plaintiffs have appealed, asserting that the evidence conclusively shows: (1) That McCrary Company were the procuring cause; and (2) that there was no estoppel or waiver.

We have reached the conclusion that the trial court's judgment should be affirmed upon the second holding, and will therefore pretermit discussion of the first.

The following is a summary of the controlling facts found by the trial court upon this issue: Mrs. Gilliam listed the property with McCrary Company and two other brokers. Sparks was employed by McCrary Company upon a commission basis. Kubela was also in the real estate business and often worked with Sparks in selling real estate upon a division of commissions. Cervenka came to San Angelo from California the latter part of October, or the 1st of November, 1926, and learned about the property being for sale from his brother-in-law Ewald. "Prior to about the middle of November" Cervenka and his father went to Kubela and told him they were looking for some land for Cervenka. Kubela telephoned Sparks, and the four, Sparks, Kubela, Cervenka, and his father, went to see the land, and Sparks priced it at $45 an acre, Mrs. Gilliam's list price. There were no further dealings between Cervenka and either plaintiff except that one day later, while in Rowena, Kubela met Cervenka's father and asked him about the deal, and was told that Cervenka liked the place and was sure he would take it. About the middle of November Cervenka went to Mrs. Gilliam and negotiated with her for the property. He asked her if she had listed it with Kubela, telling her that he had looked at the place

with him, and she replied that she had not. Mrs. Gilliam at that time did not know Kubela. She asked Cervenka if any one else was with them when they looked at the land, and he told her there was another man, but did not know his name. She agreed to sell to Cervenka at $42 per acre, and went to her attorney's office to execute a sales contract, and upon advice of the latter called up the three real estate agencies with whom she had listed the land to determine whether there would be a commission due any of them before she would sign the sales contract at $42 an acre, she having informed Cervenka that she would not sell at that price if she had to pay a commission. In her telephone conversation with one of the McCrarys he told her his agency had not shown the land to any one recently, nor to any one at all, since they had shown it to a Mr. and Mrs. Richmond. (The evidence shows that this transaction took place some time before Cervenka came from California.) On being informed by the other two agencies that they had no commission in the sale, she signed the contract at $42 an acre, "which she would not have done had she understood there was any brokerage commission to be paid in the deal."

 Appellants contend that the telephone conversation between McCrary and Mrs. Gilliam was not sufficient to establish waiver or estoppel, in that the element of full knowledge on McCrary's part was wanting, Mrs. Gilliam having concealed from him the fact that she was negotiating with Cervenka; and that there was no false representation on McCrary's part "of a material fact made with the knowledge of the fact to one ignorant of the truth, with the intent that he should act upon it, and which induced him to act upon it"; citing the following authorities: Moore v. Carey Brothers (Tex. Com. App.) 272 S. W. 440, 441, 39 A. L. R. 1247; Dorsey v. Kemble (Tex. Civ. App.) 224 S. W. 217; 10 R. C. L. 692–693. The contention of appellants appears to be that Mrs. Gilliam did not act in good faith in withholding the name of Cervenka from McCrary, and that the telephone statement of McCrary did not amount to an affirmation that his concern had not dealt with Cervenka, but was mere silence on his part in that regard. We cannot accede to either of these views. The statement of McCrary that his company had not recently shown the property to any one, and had not shown it to any one since the negotiations with the Richmonds, was clearly an affirmative assertion of a fact, and excluded the possibility of negotiations between the McCrary Company and Cervenka, because the Richmond negotiations had been terminated some time prior to Cervenka's arrival in San Angelo from California. The fact that Mrs. Gilliam did not state that she was dealing with Cervenka could not we think under the circumstances amount to bad faith or unwarranted concealment on her part. It was no more her duty to volunteer the information to McCrary that she was negotiating with Cervenka than it was McCrary's duty to inquire of her with whom she was dealing. The fact that she called McCrary, a real estate broker with whom she had listed her property, and inquired whether he had shown the property to any one recently, was a reasonable basis, we think, for an inference that her purpose was to ascertain whether she might deal with a purchaser without obligating herself for a commission. We think the trial court properly concluded that this was a proper inference for McCrary to draw from Mrs. Gilliam's inquiry. That she acted upon McCrary's statement to her detriment is clear from the court's findings, and we hold that she was warranted in so acting.

The trial court's judgment is affirmed.

Affirmed.